■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered August 11, 1983, convicting him of robbery in the first degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At the suppression hearing on the branch of the defendant's omnibus motion which was to suppress the knife used in the robbery on the ground that the police did not have probable cause to arrest the defendant without a warrant, New York City Police Detective Richard Scantelbury testified that on August 24, 1982, at approximately 6:15 A.M., he was driving to work when he observed the defendant standing next to the driver's window of a parked car. Having known the defendant from two prior armed robberies, Scantelbury made a U-turn and drove 20 to 25 feet past the car to observe his actions. Through the rearview mirror Scantelbury observed the defendant take a knife from his pants pocket and thrust it several times through the open driver's window. Scantelbury drew his revolver, approached the defendant, called him by name and

said "police". The defendant turned and dropped the knife to the ground. It is clear that under such circumstances probable cause to arrest existed and thus that branch of the defendant's omnibus motion which was to suppress the knife was properly denied (see, People v McRay, 51 NY2d 594; People v Crosby, 91 AD2d 20).

The defendant's contention that all of the elements of the crime were not proven beyond a reasonable doubt is without merit (see, People v Jennings, 69 NY2d 103; People v Contes, 60 NY2d 620).

Finally, the sentence imposed was not excessive and should not be disturbed (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.